UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHELE GRANTADAM | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. |
| | * | |
| USAA GENERAL INDEMNITY COMPANY | * | |
| | * | |

*****************************************************************************

## HURRICANE IDA COMPLAINT FOR DAMAGES

NOW COMES Petitioner, Michele Grantadam ("Plaintiff" or "Petitioner"), who, through undersigned counsel, file this Complaint for Damages against USAA General Indemnity Company (hereinafter "USAA"), and, in support of the causes of action asserted herein, respectfully shows the Court the following:

## PARTIES

1.

Made Petitioner herein are:

**MICHELLE GRANTADAM**, a person of the full age of majority who resides in, and is domiciled in, the Parish of Jefferson, State of Louisiana.

2.

Made Defendant herein is:

**USAA GENERAL INDEMNITY COMPANY** (hereinafter referred to as "USAA"), a foreign insurance company domiciled in Texas and with its principal place of business in Texas, but which is authorized to do and doing business in the State of Louisiana.

## JURISDICTION AND VENUE

3.

This Court has specific personal jurisdiction over USAA because it conducts business in the State of Louisiana, namely the sale of insurance policies to, among other consumers, Louisiana homeowners, and because this claim arises out of USAA's failure to fulfill a written contract executed in the State of Louisiana.

4.

This Court has subject matter jurisdiction over this civil matter between citizens of different states. The amount in controversy, exclusive of interests, costs, and attorney's fees exceeds $75,000.00. Accordingly, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

5.

Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Louisiana because a substantial part of the events or omissions giving rise to this dispute occurred in Jefferson Parish.

## FACTUAL BACKGROUND

6.

USAA is justly and truly indebted to the Petitioner herein for damages reasonable in the

premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in the proceedings, for following, to wit:

7.

Petitioner owns residential property located at 4517 Dreyfous Ave Metairie, La, 70006 (hereinafter "the Residence").

8.

On August 29, 2021, Petitioner had in place a contract with USAA to provide a homeowner's insurance policy, policy number 011533136/90A (hereinafter "the Policy"), for the Residence. At all times pertinent hereto, the Policy provided insurance coverage for the matters, risks, and things involved herein, including but not limited to dwelling coverage, contents, loss of use, recoverable depreciation, as well as all repair/replacement costs.

9.

On August 29, 2021, Hurricane Ida made landfall as a Category 4 Hurricane with punishing rains and high-speed winds of 150 mph winds. Hurricane Ida was the fifth strongest storm to ever impact the United States, and it tied two other hurricanes as the strongest (measured by wind speed to ever strike Louisiana. The event caused widespread devastation and damage across much of Louisiana, including in Jefferson Parish and at the Residence.

10.

In compliance with the Policy, Petitioner promptly reported extensive damage to the Residence from Ida to USAA, who therefore knew almost immediately that the Residence had sustained severe physical and structural damage.

11.

The damage to Petitioner Residence was severe and catastrophic such that USAA should have known from the moment of its first inspection that the Residence suffered damage that far exceeded the amount initially estimated by USAA.

12.

Despite being provided with ample opportunity to inspect and discover damage to the Residence, *i.e.*, sufficient proof of loss, USAA failed to timely and adequately tender payment under the Policy. Due to either USAA's incompetence, negligence, or lack of sufficient care, USAA inspected the home and paid plaintiff far less than all the money they were due. USAA subsequently paid Petitioner several additional amounts of money, known as "supplements," over the course of many months. USAA simply missed covered damages during its several inspections, even going so far as to admit that it reinspected to evaluate "missed damage" and that "missed items ha[d] been added to [their] estimate for repair." USAA still has not paid Petitioner for all covered damage to the Residence.

13.

USAA repeatedly refused to pay Petitioner for all their damage despite the obvious existence of severe, catastrophic damage to the Residence. The amount USAA has paid is grossly insufficient considering the extent of damage to the Residence. USAA's arbitrary and capricious claims handling unduly delayed and prevented Petitioner from timely repairing the Residence and forced Petitioner to live in their damaged home for many months, which has been deeply depressing and stressful.

14.

As a result of USAA's failure to timely and adequately adjust Petitioner' claim for damage to the Residence, damage to Petitioner' personal property, and Petitioner' additional living expenses, Petitioner have incurred, and will continue to incur, expenses including attorneys' fees, building consultant service expenses, expert expenses, and other case-related expenses.

15.

As a result of USAA's failure to timely and adequately adjust Petitioner' claim for damage to the Residence, damage to Petitioner' personal property, and Petitioner' living expenses, Petitioner have suffered contractual, consequential, and tort damages.

**CAUSE OF ACTION: Breach of Contract**

16.

Petitioner repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

17.

Based on the facts alleged above, USAA entered and subsequently broke a contract with Petitioner (the Policy) that provided insurance coverage to Petitioner for, among other things, dwelling damage, other structures damage, contents/personal property damage, additional living expenses, and recoverable depreciation.

18.

USAA had the opportunity to apprise itself of the damages and obtain proof of loss when its adjuster first inspected the Property; however, USAA's various investigations were grossly

incomplete and inadequate, and such inadequate investigations led to USAA paying for much less than all the covered damage to the Residence.

19.

USAA consequently unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on Petitioner claims.

20.

By virtue of its various breaches of contract, which were in bad faith as described above and below, including its failure to fully reimburse Petitioner for the covered losses, USAA is liable to and owes Petitioner for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Petitioner may prove as allowed by law.

### CAUSE OF ACTION: Bad faith under La. R.S. 22:1892 and 22:1973

21.

Petitioner repeat, reiterate and re-alleges each and every allegation set forth in the paragraphs above as if fully set forth herein.

22.

The actions of USAA in failing to timely, fully, and fairly adjust Petitioner' claim are arbitrary, capricious, and without probable cause, making USAA liable for damages, penalties and attorney fees provided under La. R.S. 22:1892 and 22:1973. Specifically, USAA failed to provide adequate payment despite having received satisfactory proof of loss by virtue of USAA's own inspections that showed obvious damage caused by Ida. USAA's several grossly inadequate investigations are a byproduct of its corporate model, which involves, among other

measures, not retaining a sufficiently large and sufficiently trained workforce of property damage adjusters. Moreover, USAA's several grossly inadequate investigations resulted in this claim dragging out for approximately one year to date, even though all damage to the Residence was plainly obvious during USAA's initial inspection and again during its subsequent inspections. USAA also failed to adequately, promptly, fairly, and fully investigate the Residence for covered losses.

23.

Defendant, USAA, is liable unto the Petitioner under the following legal theories:

1. Breach of contract;

2. Bad faith claims adjusting;

3. Negligent claims adjusting;

4. Intentional infliction of emotional distress;

5. Any and all other legal theories which may be found through discovery and proven at trial in this matter.

24.

As a result of Hurricane Ida and USAA's arbitrary and capricious claims adjusting, Petitioner have sustained, or will sustain, the following non-exclusive damages:

1. Property damages;

2. Loss of contents;

3. Loss of use and enjoyment of property;

4. Additional living expenses;

5. Repair and remediation expenses;

6. Loss of investment value of funds used to offset USAA's failure to pay, including lost interest;

7. Diminution of value of property;

8. Loss or diminution of credit rating;

9. Extreme mental anguish, including inconvenience, stress, and aggravation;

10. The penalties proscribed by La. R.S. 22:1892 and 22:1973;

11. Attorney's fees and costs of this litigation; and

12. Any and all other damages which will be shown through discovery and proven at trial.

25.

Petitioner prays for and are entitled to trial by jury, bond to be set at a later date.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully request that the Court enter judgment for such amounts as Petitioner may prove, including the full amount of the building property damage at Replacement Cost Value; the full amount of personal property damage at Replacement Cost Value, reimbursement for additional living expenses and other expenses; all actual and consequential damages; applicable penalties under La. R.S. § 22:1892 and La. R.S. § 1973, along with all attorney fees and litigation expenses; in an amount that exceeds the jurisdictional requirements of 28 U.S.C. 1332, and additional and further relief this Court deems just and equitable.

Respectfully Submitted:

DONOVAN & LAWLER, APLC


*/s/ P. M. Donovan*
P. M. Donovan (La. Bar No. 21272)
4640 Rye Street, Metairie, La, 70006
Phone: (504) 454-6808
Fax: (504) 887-2888
pdonovan@donovananlawler.com
*Attorney for Plaintiff*

**Service by Waiver**